UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFF DYE, TAMMIE ERSKINE, PATRICK
HALL AND ERIC PERTTUNEN,

    Plaintiffs,

v.

OFFICE OF RACING COMMISSION, ET
AL,

    Defendants.
_____/

Case No. 09-13048

Honorable Nancy G. Edmunds

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS CLAIMS AGAINST DEFENDANT POST IN HIS OFFICIAL CAPACITY [15]**

In this civil rights action, brought pursuant to 42 U.S.C. § 1983, Plaintiffs allege that Defendants violated their First Amendment rights to free speech and association. Plaintiffs' Second Amended complaint seeks declaratory and injunctive relief against Defendant Office of Racing Commission and Defendants Christine White and Gary Post in their official capacity as Racing Commissioner and Deputy Commissioner, respectively. Plaintiffs also seek monetary damages against Defendants Christine White and Gary Post in their individual capacities.

This matter is now before the Court on Defendants' motion, brought pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), seeking to dismiss Plaintiffs' claims against the Office of Racing Commission and against Defendants White and Post in their official capacities because they are barred by the Eleventh Amendment. After Defendants

filed their motion to dismiss, a Stipulated Order was entered dismissing with prejudice all claims asserted against Defendant Office of Racing Commission and against Defendant Christine White in her official capacity [20]. Accordingly, the only remaining claims at issue in this motion are those seeking injunctive and declaratory relief against Defendant Post in his official capacity. For the reasons stated more fully below, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.

**I.   Facts**

The facts giving rise to this lawsuit began in October 2006.

**A.  Parties**

Plaintiffs Jeff Dye, Tammie Erskine, Patrick Hall, and Eric Perttunen were all appointed to their positions as state stewards of racing by the Racing Commissioner. (Pls.' Am. Compl. ¶ 10.) *See* Mich. Comp. Laws Ann. § 431.306(1) (providing that "[t]he racing commissioner shall appoint 2 deputy commissioners and 3 state stewards of racing as special deputies for each licensed race meeting in the state" and further providing that "[t]he racing commissioner shall employ other personnel as necessary for the administration of this act within the limits of the appropriations made by the legislature and subject to civil service rules.").

Patrick Hall was first appointed in March 17, 1980; Jeff Dye was first appointed on April 22, 1988; Eric O. Perttunen was first appointed on March 22, 1994; and Tammie Erskine was first appointed on August 22, 1999. (Pls.' Am. Compl. ¶ 10.) Plaintiffs signed new contracts each year that stated their positions and per diem pay rates, but they did not receive new contracts in 2009. Although their salaries are paid by the State of Michigan, Plaintiffs' status as "Special Personnel Service" precludes them from filing a grievance with

the State's Civil Service Commission. Two of the Plaintiffs have been terminated. Plaintiff Dye was terminated on June 5, 2009, and Plaintiff Erskine was terminated on June 6, 2009. (*Id.* at ¶¶ 14-16, 58.)

In light of the parties' February 22, 2010 stipulation and order, the sole remaining Defendants in this lawsuit are Christine White, in her individual capacity, and Gary Post, in both his official and individual capacity. (*Id.*) Defendant Christine White was appointed as the Racing Commissioner on August 31, 2005. She no longer serves in that capacity. She resigned as Racing Commission in order to take another appointment, and her last day as Racing Commissioner was July 3, 2009. (Pls.' Am. Compl. ¶¶ 5, 11.) Defendant Gary Post was appointed as a Deputy Commissioner in October 2006 and remains in that position. (*Id.* at 6, 12.)

### B. Plaintiffs' § 1983 Claims and Relief Sought

Plaintiffs allege that Defendants White and Post violated their First Amendment rights of free speech and association by reducing their hours and other benefits and terminating Plaintiffs Dye and Erskine in June 2009 because of Plaintiffs' political speech in support of Richard DeVos's candidacy for Governor of Michigan in 2006. (Pls.' Am. Compl. ¶¶ 20-61.) Plaintiffs seek the following relief against Defendants White and Post.

As to Defendant Post in his official capacity, Plaintiffs seek: (1) a declaration that his past actions concerning Plaintiffs' employment were unlawful and violated Plaintiffs' First Amendment rights; and (2) an injunction (a) requiring Defendant Post to reinstate Plaintiffs Dye and Erskine to their former positions, and (b) enjoining Defendant Post from engaging in any further retaliatory acts against Plaintiffs because they have engaged in or are

engaging in constitutionally-protected political speech or association.  (Pls.' Am. Compl., Relief ¶¶ 1-2.)

As to Defendants White and Post in the individual capacities, Plaintiffs seek money damages and attorney fees.  (*Id.* at ¶ 3.)

## II. Motion to Dismiss Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a valid claim for relief.  *See Albright v. Oliver*, 510 U.S. 266 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996).  To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted).  *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  "[T]hat a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice."  *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009)  The court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Id*. at 1950 (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss."  *Id.*  "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts

4

do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id*. at 1949 (internal quotation marks and citation omitted).

### III. Analysis - Eleventh Amendment Immunity

This matter is now before the Court on Defendants' motion to dismiss arguing that Plaintiffs' claims against Defendant Post in his official capacity are barred by the Eleventh Amendment. This Court begins its analysis with a discussion of the well-established principles that apply to Eleventh Amendment immunity.

"Whether Eleventh Amendment sovereign immunity exists in any particular case is a question of constitutional law." *Mingus v. Butler*, 591 F.3d 474, 481 (6th Cir. 2010). "Absent the state's consent, the judicial power of the United States . . . does not extend to suits against a state by that state's own citizens, even though this limitation was not made explicit in the Eleventh Amendment. In addition to the states themselves, the Eleventh Amendment immunizes departments and agencies of the states." *Dubuc v. Mich. Bd. of Law Examiners*, 342 F.3d 610, 615 (6th Cir. 2003) (internal citations omitted).

Generally, state officials, like Defendant Post, are also immune from lawsuits under the Eleventh Amendment when they are sued in their official capacity. *Id.* at 616. "The Supreme Court, however, recognized an important exception to this general rule in *Ex parte Young*, 209 U.S. 123 (1908), where it held that the Eleventh Amendment does not bar a lawsuit seeking an injunction against a state official prohibiting the state official from enforcing a state statute that allegedly violates the United States Constitution." *Id.* "Injunctive relief is available under the *Young* exception only against state officers -- not the state itself -- who violate federal law." *Lawson v. Shelby County, Tenn.,* 211 F.3d 331, 335 (6th Cir. 2000). "[R]etroactive relief, such as money damages, is not permitted because such relief would require the 'payment of funds from the state treasury.'" *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651 (1974)).

As the Supreme Court clarified in *Papasan v. Allain*, 478 U.S. 265, 277 (1986), "*Young*'s applicability has been tailored to conform as precisely as possible to those specific situations in which it is 'necessary to permit the federal courts to vindicate federal rights and hold state officials responsible to the supreme authority of the United States.'" (quoting *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 100 (1984) (internal quotes and citation omitted)). With that end in mind, the Court observed that "[r]emedies designed to end a continuing violation of federal law are necessary to vindicate the federal interest in assuring the supremacy of that law. But compensatory or deterrence interests are insufficient to overcome the dictates of the Eleventh Amendment." *Papasan*, 478 U.S. at 278 (internal quotes and citation omitted). It acknowledged, however, that "[f]or Eleventh Amendment purposes, the line between permitted and prohibited suits will often be indistinct: '[T]he difference between the type of relief barred by the Eleventh

6

Amendment and that permitted under *Ex parte Young* will not in many instances be that between day and night.'" *Id.* (quoting *Edelman v. Jordan*, 415 U.S. 651, 667 (1974)).

In *Verizon Maryland, Inc. v. Public Service Commission of Maryland*, 535 U.S. 635 (2002), the Supreme Court subsequently clarified how the courts are to determine whether the *Ex parte Young* exception to Eleventh Amendment immunity applies. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" *Id.* at 645 (quoting Justice O'Connor's concurring opinion in *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296 (1997)). The court's straightforward inquiry "does not involve an analysis of the merits of a plaintiff's claim." *Dubuc*, 342 F.3d at 616 (citing *Verizon Maryland*, 535 U.S. at 646).

The Court now addresses Plaintiffs' claims against Defendant Post in his official capacity and examines whether the injunctive and declaratory relief sought is properly characterized as prospective.

Plaintiffs seek a declaration that Defendant Post's past actions of "limiting and terminating" Plaintiffs' employment violated Plaintiffs' First Amendment rights. Plaintiffs also seek the following injunctive relief: (1) an order from this Court requiring that Defendant Post reinstate Plaintiffs Jeff Dye and Tammie Erskine to the appointed positions they previously held; and (2) an order from this Court enjoining Defendant Post from taking further retaliatory employment actions against Plaintiffs for engaging in constitutionally-protected political speech or association. The Court first addresses Plaintiffs' request for

7

injunctive relief in the form of an order requiring the reinstatement of Plaintiffs Dye and Erskine.

Despite Defendants' arguments to the contrary, the Sixth Circuit has held that claims for injunctive relief in the form of reinstatement "are prospective in nature and appropriate subjects for *Ex parte Young* actions." *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir. 2002) (citing *Tucker v. Ohio Dep't of Rehab. and Corrs.*, 157 F.3d 453, 459 (6th Cir. 1998)). In *Carten*, the Sixth Circuit rejected an argument that "reinstatement does not constitute prospective relief designed to end a continuing violation of federal law." *Id.* at 396. This ruling, however, does not end the Court's analysis of Defendants' Rule 12(b)(6) motion to dismiss.

Defendants provide an additional reason why this Court cannot, as a matter of law, require Defendant Post to reinstate Plaintiffs Dye and Erskine. Michigan statutory law provides that "[t]he racing commissioner shall appoint 2 deputy commissioners and 3 state stewards of racing as special deputies for each licensed race meeting in the state" and "shall employ other personnel as necessary for the administration of this act within the limits of the appropriations made by the legislature and subject to civil service rules." Mich. Comp. Laws Ann. § 431.306(1). Defendant Post is not the racing commissioner and thus does not have the statutory authority to reinstate Plaintiffs Dye and Erskine. Although the statute further provides that "the racing commissioner may delegate the performance of his or her duties to the deputy commissioners or special deputies," the current racing commissioner is not a party to this lawsuit and thus cannot be ordered by this Court to delegate any duties to Defendant Post. Likewise, there is no allegation in this lawsuit that the current racing commissioner has or would delegate to Defendant Post the authority to

reinstate a terminated employee. *Id.* Accordingly, Plaintiffs' claim for injunctive relief in the form of reinstatement is not plausible on its face and does not survive Defendants' motion to dismiss. *See Duncan v. Nighbert*, No. 3:06-34-JMH, 2007 WL 2571649, *4 (E.D. Ky. Aug. 31, 2007) (holding that the plaintiff's "official capacity claims" against two defendants "for the injunctive relief of reinstatement must fail" because "[p]ursuant to" Kansas statutory law, these two defendants "do not have the authority to reinstate Plaintiff to his previous position" and thus these two defendants "cannot provide the relief requested."). Plaintiffs' claim against Defendant Post in his official capacity seeking injunctive relief in the form of reinstatement is dismissed. The Court cannot issue an injunction that requires Defendant Post to take an employment action when authority to take that action rests with the racing commissioner; not with Defendant Post. Mich. Comp. Laws Ann. § 431.306(1).

The Court next considers the prospective nature of the additional injunctive relief Plaintiffs seek against Defendant Post in his official capacity.

Plaintiffs' additional request for injunctive relief does not suffer from the statutory impediment that precludes injunctive relief in the form of reinstatement. Taking Plaintiffs' allegations as true, Defendant Post has supervisory authority over Plaintiffs Hall and Perttunen and has continued to take adverse employment actions against them in retaliation for their political speech in support of Richard DeVos's candidacy for Governor of Michigan in 2006. Plaintiffs thus seek an injunction prohibiting Defendant Post from taking any future adverse employment actions against them because they have or are engaging in constitutionally-protected speech. This constitutes prospective relief designed to end an alleged continuing violation of federal law. Accordingly, this claim for injunctive

9

relief against Defendant Post in his official capacity falls within the *Ex parte Young* exception to Eleventh Amendment immunity and will not be dismissed.

Finally, this Court considers Plaintiffs' request for a judgment against Defendant Post in his official capacity declaring that his past actions of "limiting and terminating" Plaintiffs' employment violated their First Amendment rights. Because Plaintiffs' request for declaratory relief looks solely to the past, it is not properly characterized as prospective. Plaintiffs have not presented any authority holding otherwise. Accordingly, Plaintiffs' official capacity claim for declaratory relief against Defendant Post does not fall within the *Ex parte Young* exception to Eleventh Amendment immunity and is therefore dismissed.

## IV. Conclusion

For the above-stated reasons, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The following claims remain in this action: (1) Plaintiffs' claims against Defendants White and Post in their individual capacity seeking money damages; and (2) Plaintiffs' claim against Defendant Post in his official capacity seeking prospective injunctive relief enjoining Defendant Post from taking any future adverse employment actions against Plaintiffs Hall and Perttunen because they have or are engaging in constitutionally-protected speech.

        s/Nancy G. Edmunds  
        Nancy G. Edmunds  
        United States District Judge

Dated: February 25, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 25, 2010, by electronic and/or ordinary mail.

        s/Carol A. Hemeyer
        Case Manager